## Crouse *et al. versus* Commonwealth.

The bond required by the Act of April 12th 1875, to be given by an innkeeper when he takes out his license, is security only for damages arising under said act, and does not include damages recovered in a suit instituted under the provisions of the Act of May 8th 1854.

May 17th 1878.  Before AGNEW, C. J.; MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.  SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Bedford county:* Of May Term 1878, No. 163.

Scire facias *sur* judgment, issued by the Commonwealth, at the suggestion of Ellen J. Null, against Lewis A. Crouse and his sureties, on a bond given by said Crouse, as an innkeeper, under the Act of May 8th 1854.

On April 29th 1875, a license to keep a hotel at Bridgeport was granted to Crouse by the Quarter Sessions of Bedford county. With his petition for said license he filed a bond as required by said Act of 1875, in the sum of $2000, with two sureties which was conditioned as follows :—

"The condition of this obligation is such that if the above bounden Lewis A. Crouse, shall pay all damages which may be recovered in any action which may be instituted against him under the provisions of the Act of 1875, and all costs, fines and penalties which may be imposed upon him in any indictment for violating the said Act of 1875, or any other law of this Commonwealth relating to the selling or furnishing intoxicating drinks, then this obligation to be void, or else to be and remain in full force and virtue; and further, we hereby authorize and empower any attorney of the Court of Common Pleas of Bedford county, or of any other court

of record in Pennsylvania or elsewhere, to appear for us and confess judgment for the above sum, with costs of suit, release of errors, &c.

On October 23d 1875, David R. Null was killed on the railroad, near Bridgeport, and his widow brought an action against Crouse, under sect. 3, Act May 8th 1854, Purd. Dig. 946, to recover damages for the loss of her husband. In her declaration she averred that the defendant "did, contrary to his duty as a landlord, and contrary to law, sell, give and furnish to the said David R. Null, the husband of the said plaintiff, intoxicating liquors, to wit, wine, whiskey and brandy, as a beverage, when the said David R. Null was at the time the said defendant sold, gave and furnished said intoxicating liquors to the said David R. Null, intoxicated and visibly affected by intoxicating drinks, the said defendant well knowing the same at the time of the sale thereof, whereby the said David R. Null in a short time thereafter became so intoxicated that he fell upon the track of the Pittsburgh and Connellsville Railroad, in the county aforesaid, and was run over and injured by a train of cars passing over upon said road, to wit: in the day and year aforesaid, and by reason of said defendant furnishing said intoxicating drinks to said David R. Null, when intoxicated as aforesaid, he the said David R. Null, was killed in the day and year aforesaid.'

On April 27th 1877, a verdict was found for the plaintiff for $1500. On the same day judgment was entered upon the license bond of Crouse against him and his sureties, and on July 14th 1876, this scire facias issued at the suggestion of Mrs. Null, to show cause why execution should not issue upon said judgment for the damages which she had sustained by reason of the breach of said bond.

In an affidavit of defence, the defendants averred that judgment should not be rendered against them in this action, upon said bond, for the reason that the claim upon which the suggestion of the said Ellen J. Null is founded, was not recovered against said Crouse in any action instituted under the provisions of the said Act of April 12th 1875.

The court, Hall, P. J., in an opinion said: "The trial was on the second count in the declaration, which averred that Crouse, ' contrary to his duty as a landlord, and contrary to law,' sold and furnished Null intoxicating liquors when he was 'intoxicated and visibly affected by intoxicating drinks,' the said Crouse well knowing the same at the time of the sale thereof.'

"The bond given by Crouse is dated the 3d of April 1875. The act repealing the Act of 27th March 1872 (called the 'Local Option Law') was approved the 12th of April 1875. The license to Crouse was granted April 29th 1875. The condition of the bond is that required by the Act of 12th April 1875. The position of the defendants is, that the bond is conditioned only for, 1. Damages

which may be recovered in an action instituted under the Act of 12th April 1875. 2. Costs, fines and penalties imposed *on indictment* for violating the Act of 1875, or any act relating to the sale or furnishing of intoxicating drinks. And that the condition does not embrace damages recovered in an action instituted by the widow and children under the Act of 26th April 1855, to recover damages for an injury causing the death of the husband and father. We regard the condition as applying to 'damages which may be recovered in any action which may be instituted against' the landlord 'under the provisions of this act' (12th April 1875), 'or any other law of this Commonwealth relating to selling or furnishing intoxicating drinks.' We therefore order judgment to be entered for the plaintiff, *secundum regulam*, for want of a sufficient affidavit of defence, for the sum claimed in the suggestion filed, to wit: for the sum of $1500, with interest thereon from the 28th day of April 1877, together with $95.63, the amount of the costs, and with the costs of this suit."

The defendants took this writ, alleging that the court erred in entering judgment for want of a sufficient affidavit of defence, but should have ruled that the license bond of Lewis A. Crouse was not conditioned for the payment of damages recovered against him in an action instituted under the Act of May 8th 1854, sect. 3, and should have entered judgment in favor of the defendants.

*John Cessna, E. F. Kerr, G. H. Spang* and *J. M. Reynolds,* for plaintiffs in error.—It is an unwarranted construction to hold that the condition of the bond required by the Act of 1875, embraces the case of a recovery for damages in a suit instituted under the provisions of the Act of 1854. The terms of the bond do not include it, and the amount of the bond precludes such a supposition. This is a penal statute and should be strictly construed, and if there is a doubt about its construction the party from whom the penalty is claimed should have the benefit thereof: Dwarris on Statutes 245, note 35.

*W. H. Koontz* and *Russell & Longenecker,* for defendant in error.—The construction of the court below, in our view, is the correct interpretation of the condition of the bond. If it is not, then there is no security for damages recovered under any law except the Act of 12th April 1875. The legislature did not intend, by the passage of that act, to relieve the sellers of intoxicating drinks from responsibilities placed upon them by prior laws, but the manifest object was to increase their liabilities and make the selling of such drinks more hazardous. All the acts upon the subject of liquors and licenses are to be taken in *pari materia,* and compose one body of laws upon these subjects, and are to be construed together as one act.

In the case of Fink v. Garman, 4 Wright 95, this court construed the Acts of April 15th 1851, May 8th 1854, and April 26th 1855, and held that, "under the Act of April 15th 1851, a widow may maintain an action for damages against an innkeeper for furnishing her husband liquor when intoxicated, in consequence of which he fell under the wheel of his wagon and was killed."

Mr. Justice TRUNKEY delivered the opinion of the court, June 10th 1878.

Ellen J. Null obtained judgment against Lewis A. Crouse, a licensed innkeeper, for causing the death of her husband by furnishing him intoxicating drinks in violation of the Act of May 8th 1854. The third section of that act, in connection with the Acts of April 15th 1851, and April 26th 1855, enables any person aggrieved to recover full damages from one who, in violation of an existing law, furnishes liquor to an intoxicated person, or a person of known intemperate habits, thereby causing his death: Fink v. Garman, 4 Wright 95. This action was brought for the recovery of said judgment upon Crouse's bond, which was given in pursuance of the Act of April 12th 1875, Pamph. L. 40, upon the granting of his license. The defence set up in the affidavit is, that the judgment recovered against Crouse was not for any damages for which he became liable for violation of said Act of 1875, nor in any action instituted under its provisions.

By said act, no license to sell intoxicating drinks shall be granted to any person until he shall have given bond, with sureties, in the sum of $2000, "conditioned to pay all damages which may be recovered in any action which may be instituted against him under the provisions of this act, and all costs, fines and penalties, which may be imposed upon him in any indictment for violating this act, or any other law of this Commonwealth relating to selling or furnishing intoxicating drinks." The grammatical and natural sense of the prescribed words is, that the bond is security for such damages only as arise from violations of that act. So obvious is this that no attempt has been made to give them a broader sense, without "stripping the condition" by shifting the words, "and all costs, fines and penalties, which may be imposed upon him in any indictment for violating this act." The correct rule is to construe statutes in their grammatical and natural sense, unless the context show clearly that a different sense was intended: Pot. Dwar. Stat. 196. All prior statutes, not inconsistent with or supplied by the Act of 1875, regulating and restraining sales of intoxicating liquors continue in force, and the whole are to be construed as one: Id. 189. For some purposes, if need be, it is competent to call in aid a repealed statute to assist in the construction of the one supplying it: Id. 191.

Section 10 of the Act of March 31st 1856, prescribed the bond given prior to 1875. It was in the penal sum of $1000 for all

[Crouse *v.* Commonwealth.]

above the seventh class, and in $500 for all in and below the seventh, conditioned "for the faithful observance of all the laws of this Commonwealth relating to the business of the principal obligor." Clearly that bond was not forfeited for violation of any law not relating to the business of licensed vendors of liquors. The Act of 1875, declares much severer fines and penalties than prior acts, for various offences. For selling intoxicating drink on election day, or on Sunday, or at any time to a minor, or to a person visibly affected by intoxicating drinks, the fines are largely increased. The act also provides that any husband, wife, parent, child or guardian of any person having the habit of drinking to excess, may give written notice not to sell or deliver intoxicating liquor to the person having such habit, and if the person so notified shall, within twelve months thereafter, sell or deliver such liquor to the person having such habit, the one who gave the notice may recover of the one notified damages not less than $50, nor more than $500. In case of death of either the action and right of action shall survive to or against his executor or administrator, without limit as to damages. Larger fines declared and damages allowed by the Act of 1875, called for an increased penal sum in the bond; and the provision for damages explains the verbal change in its condition. Apt words are used to include the very things for which the principal obligor may become liable for violation of laws relating to his business. The context, instead of showing a different meaning was intended, demands adherence to the usual sense of the words directed for the bond.

Wilfully furnishing intoxicating drinks by sale, gift or otherwise, for use as a beverage, to any person of known intemperate habits, to any person when drunk or intoxicated, to a minor, or to an insane person, is made a misdemeanor by the Act of May 8th 1854. In the numerous changes of the license laws, that act has remained undisturbed. It applies to all persons in whatever business or occupation. Whether the person violating it was licensed or not, is not an element of the offence, nor of an aggrieved person's right to recover damages. A judgment for an injury occasioned by its violation is on an equal footing with judgments for injuries by whatever negligence or default. Surviving relatives have like security, and no better, for the damages recovered, as if the deceased had died of a beating, or of injuries caused by other negligence of the same offender. The Act of 1854, cannot be considered as a part of the license system. No just interpretation of the Act of 1856, would make the bond therein required a security for damages arising from violations of the Act of 1854, and it is safe to say it never was so understood. To hold such damages within the Act of 1875, requires too much implication and too great departure from the obvious meaning of the bond, which is in a sum scarcely sufficient as a security for the damages, costs and penalties specified in its condition.                    Judgment reversed.