# Bower *v.* Fredericks, Appellant.

*Liquor laws—Improper sale of liquors—Damages—Civil remedy— Acts of May 8, 1854, P. L. 663, and May 13, 1887, P. L. 108.*

1. The general liquor law of May 13, 1887, P. L. 108, does not in any manner affect or repeal the civil liability provided for by sec. 3 of the Act of May 8, 1854, P. L. 663.

2. In an action against a retail liquor dealer to recover damages for

the death of plaintiff's husband a verdict and judgment for the plaintiff will be sustained where the evidence shows that the defendant had been notified by the plaintiff not to sell her husband liquor, that notwithstanding this notice the defendant did sell liquor to the deceased and shortly after this sale the defendant was observed sitting on his wagon in an intoxicated condition and that subsequently other parties saw the deceased's dead body being dragged behind his wagon.

*Negligence—Damages—Carlisle tables.*

3. Where in an accident case the Carlisle tables are introduced in evidence and the court in its charge tells the jury that the tables are only to be considered as an aid in determining the expectancy of life, and that they are to consider also the health of the deceased, his ability and disposition to labor and his habits of living and his expenditures, the court has done all that it is required to do, and if the defendant desires more specific instructions on the subject he should ask for them.

Argued March 1, 1911. Appeal, No. 3, Feb. T., 1911, by defendant, from judgment of C. P. Lycoming Co., Sept. Term, 1909, No. 250, on verdict for plaintiffs in case of Rosa L. Bower et al. v. Joseph G. Fredericks. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before HART, P. J.

At the trial there was evidence which tended to show that the deceased was a man of known intemperate habits. On July 9, 1909, he was served with liquor by the defendant and shortly after he was seen seated in his wagon in an intoxicated condition. Subsequently other witnesses saw his dead body being dragged behind his wagon.

The plaintiff presented the following points:

1. If the jury find from all the evidence that Joseph G. Fredericks, the defendant, did on July 9, 1909, furnish intoxicating drinks to Henry J. Bower, husband and father of the plaintiff, and that the said Henry J. Bower was a man of known intemperate habits and that the defendant, Joseph G. Fredericks, so knowing, intentionally sold him intoxicating drinks on the day in question and that this sale was the proximate cause of his death, then the ver-

dict of the jury should be for the plaintiffs.  *Answer:* This point is affirmed. [2]

3. If the jury find from all the evidence that the plaintiffs are entitled to recover, then under the provisions of the act of assembly of May 8, 1854, which provides that any person furnishing any intoxicating drinks to any other person, in violation of any existing law or the provisions of this act shall be held civilly responsible for any injury to person or property, in consequence of such furnishing, and that anyone aggrieved may recover full damages; the persons entitled to recovery in this case are Rosa L. Bower, widow, and Stella M. Bower and Adam N. Bower, minor children of Henry J. Bower, deceased, and the damages to which they are entitled to recover is the pecuniary loss they have suffered without any solatium for mental suffering or grief and the amount thereof is to be determined by what the deceased would probably have earned by his labor if the injury which caused the death of Henry J. Bower had not befallen him and which would have gone to the support of his wife and children; and in fixing this amount consideration must be given to the age of Henry J. Bower, his health, his ability and disposition to labor, his habits of living and his expenditures.  *Answer:* This point is affirmed. [3]

4. If the jury find the plaintiffs are entitled to recovery, the jury in determining the amount of the verdict as based upon the expectancy of the life of Henry J. Bower, deceased, is not to take the Carlisle tables introduced in evidence by the plaintiffs as a fact in the case but only as an aid in arriving at what would be the continuance of life and that the duration of life depended largely upon the continuance of health, the habits and conduct of Henry J. Bower, deceased.  *Answer:* This point is affirmed. [4]

Verdict and judgment for plaintiffs for $1,000.  Defendant appealed.

*Errors assigned* were (2–4) above instructions, quoting them.

*Mortimer C. Rhone,* for appellant.—It was not a violation of the act of 1854 to sell liquor to a person "visibly affected by intoxicating drink." We contend that the remedy provided in the act of 1854 must be restricted to the violation of the law as it then stood, and if that law has been repealed, then the remedy, if the plaintiff has any, must be the common law remedy mentioned in the case of Littell v. Young, 5 Pa. Superior Ct. 205; Jonesboro v. R. R. Co., 110 U. S. 192 (4 Sup. Ct. Repr. 67); Harrington v. Fish, 10 Mich. 415; McKean v. Archer, 52 Fed. Repr. 791.

*Herbert T. Ames,* with him *William R. Peoples* and *Thos. H. Hammond,* for appellees.—The Act of May 8, 1854, P. L. 663, 2 Purdon's Digest, 2328, Pl. 58, is not a part of the license system of Pennsylvania and was not repealed by the act of 1887: Crouse v. Com., 87 Pa. 168; Fink v. Garman, 40 Pa. 95; Erie v. Bootz, 72 Pa. 196; Com. v. Vetterlein, 21 Pa. Superior Ct. 587; Uhler v. Moses, 200 Pa. 498.

It is "unlawful violence or negligence" for the defendant, an innkeeper, or anyone else, to sell liquor to a man of known intemperate habits: Fink v. Garman, 40 Pa. 95.

OPINION BY ORLADY, J., April 17, 1911:

The plaintiffs recovered a verdict of $1,000 as damages against the defendant for his willful and negligent sale of intoxicating liquor to Henry J. Bower, the husband and father of the plaintiffs, he being a man of known intemperate habits, and said sale being the proximate cause of intoxication to such a degree as to cause his death.

The action is founded on the Act of May 8, 1854, P. L. 663, the title of which is "To protect certain domestic and private rights and prevent abuses in the sale and use of intoxicating drinks." The first section declares that sales to certain designated persons shall be a misdemeanor, and fixes the penalty for violating its provisions.

The third section is the one specially involved in this case, and it is as follows: "That any person furnishing in-

toxicating drinks to any other person in violation of any existing law, or of the provision of this act, shall be held civilly responsible for any injury to person or property in consequence of such furnishing, and anyone aggrieved may recover full damages against such person so furnishing by action on the case, instituted in any court having jurisdiction of such form of action in this Commonwealth."

The remedy given by this section is a civil and not a penal one, and the penal provisions of the Act of May 13, 1887, P. L. 108, are not directly or inferentially in conflict with the earlier statute, nor do they in any manner affect or repeal the civil liability provided for by the third section of the act of 1854.

The widow's right of action in this case is unquestionable under all the authorities, if the unlawful negligence of the defendant was the cause of her loss and, as stated in Fink v. Garman, 40 Pa. 95: "What but unlawful negligence was it thus, to wantonly violate the dictates of common prudence—offend criminal and civil statutes, and bring on himself such various penalties."

It is clear that the act of 1854 made the furnishing of liquor to a person of known intemperate habits, an act of unlawful negligence within the meaning of the nineteenth section of the act of April 15, 1851, P. L. 669, which gives to the widow or personal representative of a decedent, an action for damages when the death of the decedent is occasioned by "unlawful violence or negligence."

But it is urged that the words "in violation of any existing law" limited the right of recovery to violation of the law as it then stood and if that law has been repealed, then the plaintiff, if she has any remedy at all, must resort to her action at common law as mentioned in Littell v. Young, 5 Pa. Superior Ct. 205.

The answer to this is found in Crouse v. Com., 87 Pa. 168, in which it is held that in the numerous changes of the license laws the act of 1854 has remained undisturbed. It applies to all persons in whatever business or occupation. Whether the person violating it was licensed or not,

is not an element of the offense, nor of an aggrieved person's right to recover damages. A judgment for an injury occasioned by its violation is on an equal footing with judgment for injuries by whatever negligence or default. Surviving relatives have like security and no better, for the damages recovered, as if the deceased had died of a beating, or for injuries caused by other negligence of the same offender. The act of 1854 cannot be considered as a part of the license system. The same doctrine is asserted in own our case of Littell v. Young, 5 Pa. Superior Ct. 205.

As was said in Davies v. McKnight, 146 Pa. 610, which was decided January 4, 1892, and in which the act of 1887 is considered: "It is not easy in a case of this kind, to trace with absolute certainty the death to its proximate cause. We have no means of intelligently deciding this question, nor is it our province to do so. It was peculiarly for the jury; and their verdict ends the matter, unless the court below committed some error in submitting it. This we do not find." See also Temme v. Schmidt, 210 Pa. 507; Hoehle v. Heating Company, 5 Pa. Superior Ct. 21, 13 Cyc. 317; Bistline v. Ney, 13 L. R. A. (New Series) 1158, 1162 n.

The apparent object of the legislature is to be found in the words of the act, and these words of common use are to be taken in their natural, plain, obvious, and ordinary signification. This act of 1854 has not been disturbed by subsequent legislation so far as the third section is concerned, and is to-day the existing statute law under which a person is to be held civilly responsible for any injury to person or property in consequence of the unlawful furnishing of intoxicating drinks to any other person in violation of any existing law at the time the wrong or injury happens.

The excerpt from the charge of the court as stated in the first assignment of error, is but a detached part of the completed thought, and taken in connection with other parts of the charge relating to the same matter it did not in

any way take from the jury the decision of the important question, under all the evidence in the case, and this, without any suggestion from the court as to what their verdict should be.

The second assignment of error is without merit as the point is substantially in the form and words approved in Taylor v. Wright, 126 Pa. 617.

The third and fourth assignments are to be considered together, and in the light of Iseminger v. York Haven Water & Power Co., 209 Pa. 615; Steinbrunner v. Pittsburg Ry. Co. 146 Pa. 504; Buckman v. P. & R. Ry. Co., 227 Pa. 277; Rundle v. Street Railway Co., 33 Pa. Superior Ct. 233, the points submitted were rightly affirmed. If the defendant desired more specific instructions in regard to the value to be given to the Carlisle tables he should have asked for special or additional instructions in regard to that question. There was sufficient evidence to warrant the jury in deciding all the important questions adversely to the defendant.

The case was fairly submitted after a careful trial and the amount of the verdict is not complained of as excessive.

The judgment is affirmed.