### AUSTIN BROS. v. FIELDS.
### No. 3244.

Court of Civil Appeals of Texas. El Paso. May 16, 1935.

Rehearing Granted June 6, 1935.

Touchstone, Wight, Gormley & Price, of Dallas, for appellants.

John T. Buckley, of Longview, for appellee.

WALTHALL, Justice.

This is a suit for damages for personal injuries brought by appellee against appellant. The appeal is prosecuted from an order of the trial court overruling the plea of privilege to be sued in Dallas county. This case is a companion case to that of Austin Bros. v. E. O. Sill, 83 S.W.(2d) 716, this day decided by this court, affirming the order of the trial court in overruling appellant's plea. The same order and judgment is entered in this case as in the above referred to case.

Affirmed.

### On Motion for Rehearing.

Because of the fact that only one statement of facts was used in this case and in Austin Brothers v. E. O. Sill, and the further fact that the concluding argument in appellant's brief in this case was identical with that in the Sill Case, we concluded that the same questions were involved as in that case and did not examine appellant's brief carefully enough to discover appellant's second proposition under its first assignment of error.

That proposition we now find raised the question that there was no testimony in the record showing that appellee sustained any injuries as a result of the collision.

We have examined the statement of facts and find that such contention is true, and therefore conclude that the assignment must be sustained.

A cause of action consists of (1) a right, (2) an injury to such right, and (3) the consequent damage. Phillio v. Blythe, 12 Tex. 124.

Without proof of any one of these, no prima facie cause of action is shown.

The judgment overruling the plea of privilege is reversed, and the case is ordered transferred to the district court of Dallas county, Tex.