## Carbaugh, Trustee, v. Grove et al.

*Ullman & MacBride*, for plaintiff.

*James A. Strite, George S. Black* and *Swope, Brown & Swope* and *Wingerd & Long*, for defendants.

WINGERD, P. J., April 6, 1951.—Plaintiff brought this action as trustee ad litem against defendants,

Robert B. Grove, Charles W. Ulrich, and Bernard Kimple and Anna M. Kimple, his wife, trading as Kimple's Restaurant. The complaint set forth that on July 3, 1949, at about 12:30 a.m., Bruce C. Carbaugh was riding a bicycle on the Lincoln Highway in Guilford Township, Franklin County, Pa., about one mile east of Chambersburg; that while he was so operating his bicycle, Robert B. Grove and Charles W. Ulrich, who were riding on a motorcycle and in joint control and possession of the same, ran into the bicycle of Carbaugh and so injured him that he died as a result thereof; that the collision was caused by the negligence of defendants, in that Grove allowed himself to become drunk or intoxicated, drove the motorcycle carelessly and negligently and left the scene of the accident in violation of The Vehicle Code; in that Ulrich allowed himself to become so intoxicated as to interfere with his normal bodily control and made his presence, riding tandem, on the motorcycle, a hindrance to its control and stability, and undertook to share the control of the motorcycle and left the scene of the accident in violation of The Vehicle Code, and in that Bernard Kimple and Anna M. Kimple were negligent in that either themselves or their agents, servants or employes, served intoxicating beverages to Ulrich and Grove, which were consumed upon the premises of Bernard Kimple and Anna M. Kimple and from which Ulrich and Grove became intoxicated and also served intoxicating beverages to Ulrich at a time when Ulrich was drunk or intoxicated. The restaurant of defendants Kimple is located in Adams County, Pa.

Defendant Robert B. Grove filed preliminary objections consisting of a motion to strike off the complaint on the ground that the averments as to Grove and Ulrich leaving the scene of the accident are scandalous and impertinent and a motion for more specific complaint in reference to the allegations therein as to the

damages caused by the loss of assistance, comfort and maintenance and as to Ulrich's control of the motorcycle.

Defendant Charles W. Ulrich filed an answer on the merits.

Defendants Kimple filed preliminary objections consisting of: A petition raising the question of jurisdiction on the ground that the cause of action, if any, arose in Adams County, Pa., because as defendants Kimple were partners, they could only be sued in the place where they conducted their business or where the cause of action arose or where a transaction occurred out of which the cause of action arose; a demurrer to the complaint and a motion for a more specific complaint in reference to the allegations referring to the agents, servants or employes of defendants Kimple and to the allegations of damages in reference to the loss of assistance, comfort and maintenance.

We will first consider the preliminary objections of defendant Grove. The allegations that Grove and Ulrich left the scene of the accident in violation of the Act of May 1, 1929, P. L. 905, sec. 1025, 75 PS §634, as amended, that is without rendering assistance, etc., to Carbaugh as provided for in that act, may be relevant as showing a negligent act which contributed to the effect of the injury to Carbaugh and so to his ensuing death. It seems to us that if a person is involved in an accident on a highway and leaves without rendering assistance to another person injured in the collision, the mere fact of failing to render assistance, as a duty to render such assistance is imposed by the law hereinbefore referred to, might well be an act of negligence for which an action could be brought, although the person leaving the scene was not legally responsible for the collision itself: Jinks et al. v. Currie, 324 Pa. 532, 537-538, 188 Atl. 356, 358. When all the facts are presented to the court at the trial of the case, the

relevancy and effect of defendants, Grove and Ulrich, leaving the scene of the accident can be judged. The motion of defendant Grove to strike off the complaint should be refused.

The motion for more specific complaint filed by defendant Grove has considerable merit. Plaintiff alleges in her complaint that Carbaugh "before his death did assist, comfort and maintain the plaintiff and receive substantial wages of which a large portion was applied to the support of the plaintiff, and that the plaintiff has lost such assistance, comfort and maintenance", but it does not set forth what wages defendant was receiving at the time of his death or at any time prior thereto or where he was employed or to what extent plaintiff was receiving support from him. Defendant Grove is entitled to know the nature and place of decedent's employment, his age, the wages or earnings which he received and the proportion or amount which plaintiff was receiving from him for her support: Flintosh v. Elko, 48 D. & C. 72, 75. Defendant Grove also requests plaintiff to set forth the acts or conduct of defendant Ulrich which are claimed to constitute joint control or sharing control of the motorcycle on which he and defendant Grove were riding. The mere averment of joint control does not seem to this court to be sufficient especially when the complaint avers the ownership of the motorcycle to be in defendant Grove, and states that defendant Ulrich was "riding tandem" on the motorcycle. Plaintiff should state the facts from which she claims it should be found that there was a joint control of a motorcycle owned by Grove to such an extent that any negligence of Grove in the operation thereof may be imputed to defendant Ulrich.

We now consider preliminary objections of defendants Kimple. The first objection is "petition raising the question of jurisdiction". It seems to be admitted

that defendants Kimple are partners operating a restaurant and tavern in Adams County. In our discussion we consider the facts averred in the complaint as true. We will refer to the partnership of defendants, Bernard Kimple and Anna M. Kimple, his wife, as "Kimple".

Pa. R. C. P. 2130 provides in subparagraph (a):

"An action against a partnership may be brought in and only in a county where the partnership regularly conducts business, or in the county where the cause of action arose or in a county where a transaction or occurrence took place out of which the cause of action arose."

The position of defendants Kimple is that the cause of action in the instant case arose in Adams County. Under Pa. R. C. P. 1006 and 1042 the venue in actions of trespass against a partnership is as provided by Pa. R. C. P. 2130 or an act of assembly. We will first consider whether the present case was properly brought in Franklin County under the provision of Pa. R. C. P. 2130.

What we have before us to determine is where the cause of action, if any, in the present case, against defendants Kimple, arose, and to determine that we must have in our minds what is a cause of action. It is almost impossible to give any definition of the term which would apply in all cases. We are principally concerned with the meaning of the term "cause of action" when used in statutes fixing the venue in the county where the cause of action arose.

In 1 Am. Jur., Actions, sec. 2, page 404, it is said:

"What is a cause of action is not easily defined, and the authorities have laid down no thoroughly satisfactory and all-embracing definition. Many authorities define a cause of action as being the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial

relief. The facts which comprise the cause of action are those which, if traversed, the plaintiff is obliged to prove in order to obtain judgment, or those facts which the defendant would have the right to traverse. Again, it has been variously said that a cause of action consists of a right belonging to one person and some wrongful act or omission by another by which that right has been violated, or of the facts which establish the existence of that right and that delict, or which give rise as a matter of law to an obligation which the plaintiff may enforce against the defendant."

In Austin Bros. v. Fields, 84 S. W. 2d 311 (Texas), which was a suit for damages for personal injuries in which plaintiff failed to show that she sustained any injuries as a result of the collision, it is said:

"A cause of action consists of (1) a right, (2) an injury to such right, and (3) the consequent damage."

Phillio v. Blythe, 12 Tex. 124:

"Without proof of any one of these, no prima facia cause of action is shown."

56 Am. Jur., Venue, sec. 34, page 38, in speaking of statutes fixing venue in the county where the cause of action arose, or accrued, states:

"Within the meaning of statutes of this kind, a cause of action is said to arise generally at the place where the act creating the right to bring an action occurred. Consistently with the general rule, applied in determining whether an action has been prematurely commenced, or so tardily commenced as to be barred by the statute of limitations, that a cause of action accrues at the moment of the wrong, fault, or delict by the defendant and the injury of the plaintiff, a cause of action may be said to accrue within the meaning of a statute fixing venue of actions when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested."

In Pennsylvania it was held in Shaffer's Estate, 228 Pa. 36, 40, that:

"The phrase 'cause of action', as used in the statutes fixing the jurisdiction of the courts according to where the cause of action arises, means that which creates the necessity for bringing the action."

This statement is in accord with Erie City Iron Works v. P. M. Barber et al., 118 Pa. 6, 17, where it is stated:

"The cause of action is the particular matter for which the suit is brought", and is cited with approval in Skelton v. Lower Merion Township, 298 Pa. 471. 474.

In a trespass case for personal injuries a complaint which sets forth facts showing that defendant owed to plaintiff a certain duty and that defendant had failed to fulfill that duty without alleging any injuries to plaintiff thereby, fails to set forth a cause of action. We may not agree with the case, Austin Bros. v. Fields, supra, in the elements which are there said to make up a cause of action but practically and factually they are true because, as we have said, a statement which does not contain all of those three elements, would not set forth a good cause of action. The statement of our Supreme Court in Shaffer's Estate, supra, may well be interpreted as being in accord with the Austin case for what creates the necessity for bringing an action if defendant breached a duty which he owed plaintiff but plaintiff suffered thereby no injury. We realize it may be argued that the injury sustained only gives a right of action and that a right of action and a cause of action are two entirely different rights.

"The statutory language 'right of action' when used in relation to the venue of a proceeding is synonymous with the term 'cause of action': 2 Words and Phrases (1st Ed.) 1019": Alpha Claude Neon Corporation, to use, v. Pennsylvania Distilling Company, Inc., 325 Pa.

140, 142. See also Coal Hill Mining Co. v. H. W. Johns-Manville Company, 30 Dist. R. 217, 221.

The injuries or damages give a right of action only if there is a cause of action and the cause of action only arises or becomes mature when someone has a right of action based upon it.

" 'A cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it'.' ": Barry v. Minahan, 127 Wis. 570, 573, 107 N. W. 488, 490.

When defendants Kimple furnished intoxicating liquor to Grove and Ulrich, no cause of action arose so far as plaintiff was concerned. Only when plaintiff was damaged did it become a cause of action for which plaintiff had a right to recover, that is, a right of action. The cause of action plainly arose as such, when the unlawful negligent acts of defendants Kimple culminated in a breach of duty toward and injury to plaintiff's decedent and damage to plaintiff. See Alpha Claude Neon Corporation, to use, v. Pennsylvania Distilling Company, Inc., 325 Pa. 140, 144. Cox v. Wilkes-Barre Ry. Corp., 334 Pa. 568, cited by defendants Kimple, has no bearing on the question before us for it was not a case determining where the cause of action arose but whether or not an amendment to a plaintiff's statement changed the original cause of action.

We are of the opinion that the unlawful negligence of defendants Kimple, which is plaintiff's basis of action against them, arose as a cause of action in Franklin County.

The Act of May 1, 1929, P. L. 905, sec. 1208, provides:

"All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the Plaintiff, be brought before any magistrate,

alderman or justice of the peace, in the county wherein the alleged damages were sustained, . . .; or said action may be brought in the Court of Common Pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county. . . ."

The right of action in the present case arose from the use and operation of a motor vehicle, defendant Grove's motorcycle. As we have heretofore shown no right of action against defendants Kimple arose, if the negligent act had not caused the driver of the motorcycle to injure plaintiff's decedent. Plaintiff's whole case is based on the theory that the acts of defendants Kimple so affected the operation of the motorcycle as to cause damage to plaintiff. To recover against defendants Kimple, their negligence had to be the sole proximate cause or concurrent proximate cause of plaintiff's damage and the operation of the motorcycle was the direct cause of such damage. The civil action for damages in the present case arose from the use and operation of a motor vehicle and the damages were sustained in Franklin County.

Under Pa. R. C. P. 2130 and the Act of May 1, 1929, supra, the present action was properly brought against defendants Kimple in Franklin County.

The second preliminary objection of defendants Kimple is a demurrer to the complaint so far as defendants Kimple are concerned. Plaintiff alleges that defendants Kimple either directly or indirectly through their employes, etc., sold to Grove and Ulrich alcoholic beverages which were consumed on the premises and from which they became intoxicated. Plaintiff con-

tends that no matter where the intoxication occurred, it was unlawful and defendants Kimple are responsible for the consequences thereof by reason of the Act of March 31, 1856, P. L. 200, sec. 30, 47 PS §642, which reads in part as follows:

"Any person who shall sell spirituous or other intoxicating liquor as aforesaid, to any person who shall drink the same on the premises where sold, and become thereby intoxicated, shall, besides his liability and damages under any existing law, be fined $5.00 for every such offense. . . ."

We find no case interpreting this act. We find no case which holds that a tavern keeper, who furnished liquor to a person who was not intoxicated and who was not of known intemperate habits and did not become, from the liquor furnished, intoxicated on the premises but who, after having been furnished liquor by perfectly legal acts and showing no signs of intoxication, left the premises and later was affected by the liquor to such an extent that he became intoxicated and by reason of such intoxication caused injury to a third person, is liable civilly to such third person for damages.

Under the present liquor laws the sale of liquor by a licensed dealer is a perfectly legal act and it can hardly be supposed that a licensed dealer must know the extent to which alcoholic liquor affects a particular customer or be liable for civil damages if the customer happens to be especially susceptible to the action of alcohol, becomes intoxicated and a third person is injured by reason of such intoxication. The Act of 1856 in the original Pamphlet Laws, sec. 30, supra, contains the following marginal note: "Penalty for allowing intoxication." This leads the court to feel that the offense described in that section is the sale of intoxicating liquor to any person, who shall drink the same on the premises where sold and become thereby intoxi-

cated on the premises. We can understand why it might very well be an offense for which a tavern keeper should be fined and be liable civilly if he continued to serve a person liquor until he became intoxicated, that is, as the marginal note states "for allowing intoxication". He then knew that his liquor had caused intoxication and under the circumstances should see that the person was properly cared for so that no damages to third persons would result from his condition: Rommel v. Schambacher, 120 Pa. 579, 581-82. This involves knowledge of the effect of the intoxicating liquor on the person of the customer and brings the prohibited act in the same general category as furnishing to a person visibly intoxicated. There is nothing in the complaint which alleges that Grove became intoxicated on the premises, although by inference it may be concluded that Ulrich became intoxicated on the premises and was then sold intoxicating liquor, but this is only an inference and a complaint should be sufficiently clear that no inference is necessary to ascertain the facts intended to be alleged. We do not feel that the allegations in the complaint show a violation of the Act of 1856, supra. The mere allegation that defendants Kimple violated the act is not sufficient for, although such allegation may constitute an averment of the manner in which an act is done, as we hereafter hold in reference to the Act of 1854, infra, it does not constitute an averment of an act or a circumstance.

As to the Act of May 8, 1854, P. L. 663, sec. 3, 47 PS §643, provides:

"Any person furnishing intoxicating drinks to any other person in violation of any existing law, or of the provisions of this Act, shall be held civilly responsible for any injury to person or property in consequence of such furnishing."

And Section 1 (47 PS §601) provides, ". . . the willful furnishing of intoxicating drinks as a beverage to any person when drunk or intoxicated shall be deemed a misdemeanor, . . .".

It has been held that the words "any existing law" as used in the Act of 1854, supra, mean "any existing law at the time the wrong or injury happens": Bower v. Fredericks, 46 Pa. Superior Ct. 540, 545.

The complaint avers that defendants Kimple furnished intoxicating liquor to Ulrich while he was intoxicated in violation of the Act of 1854, supra. This is a good allegation of unlawful negligence for which the licensee, defendants Kimple, can be held civilly under section 3 of the Act of 1854, supra. Defendants Kimple contend that it is not a good allegation because the word "willful" is not used and it is contained in section 1 of the Act of 1854. This objection loses sight of the fact that the complaint states that the alleged furnishing was done in violation of section 1 of the Act of 1854 which is an allegation that it was a "willful" furnishing. Whether it was or not, depends upon the proof. The complaint alleges unlawful negligence on the part of defendants Kimple so far as furnishing intoxicating liquors to Ulrich when he was intoxicated.

Defendants' (Kimple) third preliminary objection is a motion for a more specific pleading. They contend that the complaint, when it alleges that they "either themselves or through their agents, servants or employees served intoxicating beverages" is too indefinite and plaintiff should name the person or persons who served the intoxicating beverages to Ulrich or Grove or to either one of them.

Plaintiff should identify in some manner the person or persons who it is alleged served the intoxicating beverages to Ulrich and/or Grove. If plaintiff knows the person or persons who served the beverage, that fact should be stated and such person or persons should

be named. If plaintiff does not know the name of any such persons she should at least identify such person or persons as definitely as she is able to do so: Huff v. Reinhart et al., 86 Pitts. L. J. 331; Quirk v. James Lees and Sons Company, 24 D. & C. 167, 168.

The second reason in support of their motion for a more specific pleading is substantially the same as the first reason given by defendant Robert B. Grove in support of his motion for a more specific complaint and what was heretofore said in reference thereto applies equally to the second reason of defendants Kimple.

The third, fourth and fifth reasons in support of the motion for a more specific pleading of defendants Kimple were withdrawn by them.

Now, April 6, 1951, defendant Robert B. Grove's motion to strike off the complaint is overruled and his first and second reasons in support of his motion for more specific complaint are sustained; defendants' (Kimple) petition raising the question of jurisdiction is overruled, and their demurrer is sustained insofar as it refers to the allegations in the complaint of the furnishing of intoxicating beverage to Grove; their first and second reasons for a more specific pleading are sustained; and plaintiff is allowed 20 days in which to file an amended complaint in accord with the foregoing opinion.

Now, April 6, 1951, the foregoing decree is amended, insofar as the demurrer of defendants Kimple is concerned, as follows: Demurrer is sustained insofar as it refers to the allegations in the complaint to the furnishing of intoxicating beverage to Grove and Ulrich in violation of the Act of March 31, 1856, P. L. 200, sec. 30.