## Phillio v. Blythe.

It may be admitted that the terms "*cause of action*" are sometimes used in a more limited sense, and that where the cause is founded on a contract, the contract itself is denominated the cause of action ; but more frequently, and where the terms are used with more precision, the terms embrace a much wider scope, and include, not only the contract, but its performance, if executory, and also the breach of such contract. They are used in the latter sense in the Justice's Court Act, Section 30. (Hart. Dig. Art. 1717.)

Where a contract to build a house is made in one precinct, and the house is built in another, the cause of action for the recovery of the price, accrues in the precinct where the house is built, and not where the contract is made.

In mixed transactions of this kind, where the cause partly accrues in one place and partly in another, there is much more reason why the suit should be brought at the place of performance, than at any other locality.

Where the cause of action clearly arises in another precinct, the plaintiff has his option to sue in either the locality of the cause or of the defendant's domicil. But, with this general exception, he must sue at the domicil of defendant, unless he can claim the benefit of the special exceptions, that there is no Justice of the Peace in such precinct, or that the defendant is a transient person, or that he lives in an incorporated city or town ; and if he attempt to bring his case within these exceptions, it most clearly devolves upon him, and not upon the defendant, to prove the fact of their existence.

Appeal from Cherokee.

*Anderson* and *Hood*, for appellant. Appellant submits that the Court below entirely erred in its charge.

The statement of facts clearly shows that the defendant below resided in beat number two, and that the work was done in beat number two ; and we think it too plain for argument, that the cause of action accrued in beat number two, where the work was performed—and not where the contract was made.

If a party lives in beat number two, and sends over, or goes over, into another beat and employs a man to come over into beat number two to do work, certainly the mere employ-

ment gives no cause of action; and none accrues in that other beat, nor does any accrue till the work is performed—and of course where the work is performed.

*Shanks, Bonner & Bonner*, for appellee. I. The cause of action accrued where the contract was made. Such is the universal construction of Justices' Courts. Any other would produce interminable confusion and perplexity.

II. But if there was error in this particular, it did not pre-judice the defendant. He pleaded his privilege, but failed to allege or prove that there was a Justice of the Peace in the precinct of his residence, qualified to try the case. (Pearl v. Puckett, 8 Tex. R. 303; Chit. Pl. 445; Graham v. Roder, 5 Tex. R. 141; Campbell v. Wilson, 6 Tex. R. 379.)

HEMPHILL, CH. J. The material facts are, that Phillio, the appellant, employed Blythe, the appellee, to build him a house, in precinct No. 2, in the county of Cherokee, in which precinct the said Phillio had his residence. The contract for building the house was made in precinct No. 1 of the said county, though there was a conflict of evidence, on that point. The house having been built, suit was brought before a magistrate in precinct No. 1, by the said Blythe, for the value of the work and labor done. It is unnecessary to recapitulate the pleadings to the jurisdiction of the magistrate; or to notice, especially, the charge of the District Court. In effect, in both Courts, the jurisdiction of the Justice of the Peace in precinct No. 1, was sustained; and the only question of importance in the cause, is, whether there was error in such decision. This depends upon the locality of the cause of action. If it accrued in precinct No. 1, the Justice of that precinct had jurisdiction; if otherwise, he had not jurisdiction. The statute organizing Justice's Courts, Section 30, (Art. 1717,) declares, that no person shall be sued before any Justice of the Peace, except in the precinct where such person resides, or in the precinct where the cause of action accrued, if in the

same county.   Provided however, that if there be no Justice
of the Peace in the precinct where the defendant resides, then
such defendant may be sued in the nearest precinct in which
there is such Justice, &c., &c.

The Section contains also other provisos, the whole show-
ing that the policy of the law, as to locality of actions in suits
before a Justice, is the same with that prescribed for actions
in the District Courts, viz:  that defendants must be sued be-
fore the Court having jurisdiction over the territories of their
domicils—with such exceptions as are specially provided for
by law.   One of these exceptions, at least virtually an excep-
tion, in suits before a magistrate, is where the cause of action
accrued in a precinct other than that in which the defend-
ant resides.   And, as the plaintiff in this suit, claims the
benefit of this exception, and that the cause of action accrued
in precinct No. 1, we will proceed to examine whether, in
fact, it did accrue in the said precinct.

The question of the *locus* in which a cause of action accrues,
is frequently one of not a little subtlety ; and it is to be re-
gretted that any such shifting and disputable test should have
been prescribed as a rule to determine the locality of an action.

In ancient times, when, under the Common Law, it was re-
quired that juries should be drawn from the immediate neigh-
borhood in which the cause of action had arisen, it was found
extremely difficult in mixed transactions which had happen-
ed partly in one place and partly in another, to determine the
right venue from which the jury was to be drawn, or, in other
words, to determine, in fact, where the cause of action did
accrue.   In England these difficulties were finally obviated,
by making all actions transitory which were not local in their
nature, giving the plaintiff the right, with some modifications,
to lay the venue where he pleased.   (1 Smith's Leading Cases,
p. 363.)

The same difficulties exist now as formerly, in ascertaining
the actual venue or place of a cause of action; and it is a mis-
fortune that the Legislature, in expressing the exceptions to

the general rule as to the locality of actions, did not obviate such difficulties by employing terms as perspicuous as those used in designating the exceptions in actions before the District Court.

In what does a cause of action consist? It may be defined to consist as well of the right of the plaintiff in the action, as of the injury to such right. In Chitty on Pleadings, vol. 1st, p. 288, the three principal points of a cause of action are said to be, the right whether founded upon contract or tort, (2.) the urging to such right, and (3) the consequent damages. It may be admitted that the terms cause of action are sometimes used in a more limited sense, and that where the cause is founded on a contract, the contract itself is denominated the cause of action; but more frequently, and where the terms are used with more precision and accuracy, the terms embrace a much wider scope, and include not only the contract, but its performance, if executory, and also the breach of such contract. For instance, the statute requires a plaintiff, in his petition, to set forth a full and clear statement of his cause of action. This requisition would not be filled by a bald statement of the term of the contract, if a contract lay at the foundation of the action. An averment of the performance of the contract by the plaintiff, of its breach by the defendant, and, according to Chitty, of the consequent damages, is equally essential with a statement of the terms of the contract itself, as, together, they contribute the body, or substance, of the cause of action. Is there any reason to believe that the Legislature, in the Justice's Court Act, employed the terms in their more limited sense? I see none. They employed the phrase with reference, not only to causes of action on contracts, but also on torts independent of contract; and the definition must be sufficiently comprehensive to embrace causes of action of every description. In this case, the plaintiff contends that the cause of action accrued at the place where the contract was made, viz: in precinct No. 1. It may be noticed, here, that he does not sue before the magistrate on an express contract. The indorse-

ment on the citation shows the suit to be for work and labor done, without any intimation that it was performed on an express contract. But, admitting that such contract existed, and that it was susceptible of proof, yet the contract itself gave him no cause of action. Its performance on his part, as well as breach by non-payment on the part of the defendant, were essential constituents of his cause of action; and both of these were necessary to his suit. Now, the performance and breach were both in precinct No. 2; and the cause of action can be said, with much more propriety, to have occurred in that beat, than in beat No. 1. In the former, two ingredients, in the latter, but one ingredient of the cause existed. In mixed transactions of this kind, where the cause partly accrues in one place and partly in another, there is more reason why the suit should be brought at the place of performance, than at any other locality. There the witnesses to prove the value of the work or its defects will most probably live; and it would be unreasonable, that they should be dragged from their homes to remote precincts, to testify, when such inconvenience can be avoided. Besides, the performance, in a just sense, may be said to be the most essential constituent of the cause of action. Without performance the contract would be of no avail. With it, the plaintiff must recover, whether there be any express contract or not. The plaintiff sues, here, for work and labor. Nothing is said about the contract; and had he failed to prove the existence, he would nevertheless, on proof of the work and labor, have been entitled to judgment. Another circumstance which leads strongly to the conclusion, that the suit should have been brought in Precinct No. 2, instead of No. 1, is that the defendant had his residence in the former. The domicil of the defendant constitutes the general locality for actions in this State. He who sues elsewhere, must show clearly that he comes within some exception to the general rule. The authority in the Justice Court Act, to sue in the precinct where the cause of action accrues, is, though not expressly, yet in fact, but a virtual exception, and

·of which a plaintiff cannot avail himself unless the cause does clearly arise in some other precinct than that of the defendant's residence. And certainly this plaintiff cannot have the benefit of such exception, when the most essential ingredients of his cause of action originated in the precinct in which the defendant had his domicil. Under such circumstances, the action should have been brought in that precinct, and not in the one in which the engagement was made, but which, without performance and breach, would have been unavailing to the plaintiff.

The Court, in effect, instructed the jury, that though the cause of action may have accrued in beat No. 2, in which the defendant resides, if the latter claimed exemption from suit in beat No. 1, on the ground of residence in the former beat, yet to sustain such claim, he must further show, that at the time of suit there was a Justice of the Peace in the beat of his residence, qualified to try such suit. This we deem to be erroneous. We have before stated, that, as a general rule, the defendant must be sued at his domicil. Where the cause of action clearly arises in another precinct, the plaintiff has his option to sue in either the locality of the cause or of the defendant's residence. But, with this general exception, he must sue at the domicil of defendant, unless he can claim the benefit of the special exceptions, that there is no Justice of the Peace in such precinct, or that the defendant is a transient person, or that he lives in an incorporated city or town; and if he attempt to bring his case within these exceptions, it most clearly devolves upon him, and not upon the defendant, to prove the fact of their existence.

The judgment is reversed and the cause remanded to the District Court, with directions to that Court, to reverse the judgment rendered by the Justice of the Peace; and to cause the suit, instituted before the said Justice, to be dismissed.

Reversed and remanded.