GARNETT DAVIS v. THE STATE.

No. 5348. Decided April 2, 1919.

**Murder—Death Penalty—Sufficiency of the Evidence—Confessions—Principal.**

Where, upon trial of murder, the admission of the defendant came within the provision of the statute authorizing written confessions by a party under arrest, the same was admissible in evidence, and the evidence in the case, being sufficient, to sustain the conviction, and that defendant was a principal, there was no reversible error.

Appeal from the District Court of Polk County. Tried below before the Hon. J. L. Manry, judge.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*C. M. McKinnon,* Attorney for Appellant.

*E. A. Berry,* Assistant Attorney General, for the State.—On the question of principals, Dowling v. State, 63 Texas Crim. Rep., 366; Banks v. State, 52 id., 480; Tidwell v. State, 40 Texas Crim.

Rep., 38; Taylor v. State, id., 100; Guffy v. State, 8 Texas Crim. App., 187; Sharp v. State, 6 id., 650.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder, the jury assessing his punishment at death.

The facts shown by the record are practically the same as those in the companion case of Tom Banks v. State, No. 5349, this day decided. It is useless to repeat the testimony in this case except the confession or statement of appellant. A bill of exceptions re-cites that the admission of the voluntary statement of appellant was subject to the objections urged, to-wit: that it was not made as the law directs that confessions should be made; that it was not the voluntary statement of the defendant, and that he was per-suaded and induced to make said statement by the officers taking said statement. These are stated as objections and are not verified as a statement of facts. The predicate shows that he was warned by Holliday that he did not have to make any statement at all, and that any statement made may be used in evidence against him on his trial for the offense concerning which the confession was made. The substance of the statement was that, on Sunday night, September 29, 1918, appellant, in company with John L. Davis and Tom Banks Jr., was going from New Willard to Leggett, along the dirt road that runs parallel with the railroad track; that a short time after leaving New Willard they saw the light of a train on the track, moving in a southerly direction, and just be-fore the engine reached them Tom Banks said, "Let's wreck that train," and "I said no," and then he said, "Let's burn it" (meaning shoot it) and "I said no, but I will shoot into the cars but I am not going to shoot anybody." "He said he didn't want to shoot at the train but that he wanted to shoot at somebody, and just as the train passed he raised his gun and said he was going to shoot the engineer, and he shot at the engine, and I shot at the cars behind the engine, and then when the caboose passed he shot and just after he shot he said that he had taken aim at the brakeman in the cupola, and I shot in the body of the caboose about the back end. We left the road after the shooting and went a short distance in the woods and caught up with John L. Davis, and Tom Banks gave his gun back and both John L. and myself ex-tracted the empty shells from our guns and let them drop right on the ground where we took them out. We then went a short distance back to the public road and met two automobiles and Tom said, 'Less shoot into these automobiles,' and John L. said, "No, don't do that, as you boys have shot enough and too much.' We then got on the railroad and walked it to where my road leaves the track and I went home and John L. and Tom Banks went on up the track towards Leggett. I saw Tom Banks on Wednesday after the shooting; he came to my house and I told him that he

had played the wild the other night and he said yes, that he hated it, but if a man was killed in the engine that he had killed him, as he had shot at the engine, but if he was killed in a car that I had killed him, as I shot at the cars. He asked me not to tell anything about this shooting, and that if they put us in jail that we still must not say anything about it, and I told him I would not say anything.'' This is signed by the defendant and witnessed by two parties. We are of opinion this admission as presented by the bill of exceptions was admissible as coming within the provisions of the statute authorizing written confessions by a party under arrest.

The facts show that the engineer was not shot, but a negro named Hawkins, the head brakeman, who was standing by the engineer, was shot and killed. It is also shown that the rear brakeman was in the cupola of the caboose and that a shot entered the caboose and fell upon the floor, and the brakeman who was in the caboose immediately jumped down on the floor in order to avoid being struck by any further shots. The evidence shows that there were three shots fired. Appellant's statement is that he shot at the rear end of the caboose. We are of opinion that the testimony does show an agreement to shoot in the cars, and while defendant says he would not agree to kill anybody, yet he was present and joined in the shooting into the moving train. Appellant's statement shows that he shot at the rear end of the caboose in which there were two men, the head brakeman and conductor. Under the law of principals we are of opinion that appellant was guilty not only of reckless shooting but one that had for its object the killing of those who were connected with the train. He not only agreed with Tom Banks but actually himself fired one of the shots resulting in the death of the brakeman. There was no excuse for this shooting, and it was attended by circumstances that showed a heart regardless of social duty and fatally bent on mischief.

Believing the evidence is sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*