SAN JACINTO LIFE INS. CO. v. BOYD.
(No. 1541.)

(Court of Civil Appeals of Texas. Amarillo.
May 7, 1919. Rehearing Denied
July 2, 1919.)

1. CORPORATIONS ⬚⇒503(2)—VENUE—COUNTY IN WHICH CAUSE OF ACTION "AROSE" — ACTION FOR SERVICES.

Under Rev. St. art. 1830, providing that suits against any private corporation may be commenced in any county in which the cause of action, or a part, arose, suit for compensation by the general agent of a life insurance company *held* properly brought in L. county in and around which he was to perform services, and for part of which he was paid in the county, in which he made his office headquarters; "arose" referring to every fact which has arisen and inheres in the cause of action.

2. CORPORATIONS ⬚⇒503(1)—ACTIONS AGAINST —VENUE—"CAUSE OF ACTION."

A "cause of action," within Rev. St. art. 1830, providing that suits against private corporations may be commenced in any county in which the cause of action arose, is not confined to the genesis of the right, and does not comprise every piece of evidence which is necessary to prove each fact, but it embraces every fact necessary to be shown in order to recover.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause of Action.]

3. APPEAL AND ERROR ⬚⇒994(3)—REVIEW—FINDING ON ·CONFLICTING EVIDENCE.

It was peculiarly within the province of the trial court to determine the weight of the testimony of plaintiff, and the only witness for defendant, and their credibility.

Appeal from Lynn County Court; C. H. Cain, Judge.

Suit by M. M. Boyd against the San Jacinto Life Insurance Company. From judgment for plaintiff, defendant appeals. Affirmed.

Oliver J. Todd, of Beaumont, and B. P. Maddox, of Tahoka, for appellant.

G. E. Lockhart, of Tahoka, for appellee.

HUFF, C. J. The appellee, Boyd, filed suit against appellant company in the county court of Lynn county, on the 9th day of May, 1918, alleging in substance that on or about the 15th day of August, 1917, the plaintiff made and entered into an oral contract with the defendant, whereby the defendant employed the plaintiff to represent the defendant as its district agent, comprising several counties in West Texas, and agreed to pay the plaintiff for his services as such agent the sum of $150 per month, and that said employment was to begin on the 4th day of September, 1917; that by reason of such employment, and by reason of the services and labor performed, the defendant became indebted to plaintiff in the sum of $450, and the defendant paid the plaintiff for such labor performed and services rendered the sum of $210, leaving a balance due him in the sum of $240; that by the terms and conditions of the contract the plaintiff was to receive a certain commission upon current business which he secured for the defendant, and plaintiff alleged that the defendant was due him the sum of $23.50 on account of commissions; that said contract and agreement was made and entered into in Tahoka, Lynn county, ·Tex., and part of the labor performed and services rendered were rendered in Lynn county, Tex.; and that this cause of action, at least in part, arose and accrued in Lynn county, Tex. The appellant filed in the lower court its plea of privilege to be sued in the county of its domicile, to wit, in Jefferson county, Tex., which plea of privilege was controverted by the affidavit of plaintiff, and on the 11th day of November, 1918, the defendant filed its original answer, which consisted of a ·general denial and special plea to the effect that the plaintiff's salary was contingent upon the condition that plaintiff and the agency established by him would produce $40,000 of paid-up business per month, excluding term policies, and that the money paid the plaintiff was paid to help him start his business and not as a payment due on salary. The case was tried before the court without a jury, who found against the plea of privilege and also rendered judgment for appellee, from which this appeal is prosecuted.

[1] The first assignment is to the effect that the plaintiff's place of business is shown to have been in Jefferson county, and that the contract was entered into in that county, and that there were no such services to be performed in Lynn county as would fix the venue in that county, and that it was therefore error to overrule the plea of privilege. The court found, and the facts establish, that the appellant was a private corporation under the laws of the state of Texas. The appellee testified substantially that on or about the 22d day of August, 1917, he made with the appellant a verbal contract to work for it as general agent in West Texas territory, adjacent to Plainview and Tahoka, Tex.; that his duties as general agent under a verbal contract were to appoint local agents to write insurance for the appellant and to write insurance himself for appellant, for which services he was to receive a salary of $150

per month, also $1.50 on each $1,000 of paid-up business, also 50 per cent. graded first year business, commisssion on personal production; that in September 1917, he began work for the appellant, and continued to work for it for three months, during which time he endeavored to secure local agents for company; that among others he approached was one William Wallace of Tahoka, Tex., and that he tried to secure several others, whose names he could not remember; that he corresponded with the company from Tahoka and Plainview, with reference to its business; that he received one letter written on September 13, 1917, from the company, in which the company mailed him his salary check from September 4th to September 15th. Appellee also testified that while he was in the employ of the company he made Tahoka, Lynn county, Tex., his headquarters and worked in and out of Tahoka, Lynn county, Tex., for said company.

The trial court found that the appellant employed the plaintiff to represent it as one of its general agents, and while under the contract of employment appellee was authorized to represent appellant in any part of the state, but especially the territory surrounding West Texas and including Lynn county, Tex., he found that he performed services for the company and made Tahoka, Lynn county, his headquarters, from which place he worked and conducted his correspondence. Also, found that the company agreed to pay him for his services the sum of $150 per month and in accordance with such contract did pay him $210, and that appellee worked three months for the company and was entitled to recover a balance of $240, and also the sum of $23.50 as commissions on the sale of insurance. He found that part of the cause of action accrued in Lynn county.

We think from the appellee's testimony that his contract of employment was to perform services under the contract in and around Lynn county for which he was to be paid and for part of which he was paid in Lynn county; that he made his office headquarters in that county, and performed part of the services in that county. Under subdivision 24, art. 1830, R. C. S., we believe at least part of appellee's cause of action arose in Lynn county. "The cause of action manifestly comprised every fact which plaintiff was obliged to prove in order to obtain judgment or conversely every fact which defendant would have the right to traverse." Railway Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121. While the contract from the evidence appears to have been made in Jefferson county, the services were partly to be performed under it in Lynn county. It was there under the contract the wages were earned, and there where payment was finally refused. The right resulted from the contract executed in Jefferson county and the services performed thereunder in Lynn county. The wrong done to that right was the refusal to pay in Lynn county, all of which were necessary to give a cause of action, a part of which at least arose in Lynn county. Our Supreme Court, at least for some purposes, adopted the following definitions of "cause of action":

"In the abstract, a cause of action consists of 'the right, claimed, or the wrong suffered by the plaintiff, and of the duty or delict of the defendant.' Kennerty v. Phosphate Company, 17 S. C. 411 [43 Am. Rep. 607]. When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies 'the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong.'" Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707; Bradford v. Railway Co., 195 U. S. 243, 25 Sup. Ct. 55, 49 L. Ed. 178; Box v. Railway Co., 107 Iowa, 660, 78 N. W. 694.

It occurs to us it is the latter sense in which our venue statute uses the term "cause of action, or a part thereof arose." Such also appears to have been the interpretation given to an early venue statute by our Supreme Court, in the case of Phillio v. Blythe, 12 Tex. 124. We believe we are supported in our holding by the following cases: Mangum v. Lane City Rice Milling Co., 95 S. W. 605; Mortgage Co. v. Weddington, 2 Tex. Civ. App. 373, 21 S. W. 576; Cuero Cotton Oil Co. v. Feeders, etc., 203 S. W. 79; Cummer, etc., v. Kellam, 203 S. W. 463, and the authorities cited in the above cases. See, also, recent cases by this court, not yet officially published: Pittman & Harrison Co. v. Boatenheimer, 210 S. W. 972; Sand Texas Seed & Floral Co. v. Hairrill, 211 S. W. 539.

[2] A cause of action upon which recovery is sought does not comprise every piece of evidence which is necessary to prove each fact, but every fact which is necessary to be proved. We believe under our statute on venue it is too narrow to confine it to the genesis of the right, but it embraces every fact necessary to be shown in order to recover. "Arose," we do not think, refers alone to the very beginning of the right, but to every fact which has arisen and inheres in the cause of action. It is the right to bring a suit, or that right which is based upon the ground or grounds on which an action may be maintained. Payne v. Railway Co., 201 N. Y. 436, 95 N. E. 19; Baker v. Railway Co. 184 S. W. 237; Merchants, etc., v. Williams, 181 S. W. 859.

The second assignment is overruled for the reasons above given. We also think there is testimony authorizing the finding of the trial court that appellee performed services in

Lynn county under the contract sworn to by him.

[3] The remaining assignments of the appellee assail the findings and judgment of the trial court, because it is against the great preponderance of the testimony. The appellee was the only witness in his behalf and H. M. Hargrove of the company the only witness for appellant, each testifying supporting their respective pleadings as originally set out herein, and there was an irreconcilable conflict in their testimony. It was peculiarly within the province of the trial court to determine the weight of the testimony and the credibility of the witnesses. We do not feel authorized to disturb the findings of the trial court.

The judgment will be affirmed.