ular vote, as *Lyle v. State,* 80 Tex. Cr. R. 606, 193 S. W. 680; *State v. Swisher,* 17 Tex. 441; *Brown Cracker & Candy Co. v. City of Dallas,* 104 Tex. 290, 137 S. W. 342, Ann. Cas. 1914B, 504; *Arroyo v. State* Ann. Cas. 1914B, 504; *Arroyo v. State* (Tex. Cr. App.) 69 S. W. 503.

The subject before this court is not the authority, by proper regulation, to require peace officers to wear on their person some insignia of office. The vice in the law is referable to the fact that the terms in which the Legislature has expressed its will offend against the mandate of the Constitution which declares that no law can be suspended save by the Legislature. As understood by the writer, the law, as set forth in chapter 47, supra, leaves the public without any protection against the evil resulting from and the danger attending the unlawful speeding of automobiles upon the highway. Under the law, if the writer understands it, the absolute duty is imposed upon no peace officer to arrest offenders for violating the speed law. It is permissible that he arrest them provided he wear the uniform described in the statute. There is nothing, however, in the statute which requires him to wear a uniform, and without a uniform he can make no such arrest. The right and duty of arrest, therefore, depends, not upon the mandate of the law, but upon the option of the officer. The enactment of chapter 47, supra, reflects a meritorious effort of the makers of the law to shield the individual from abuses arising from the privilege of arresting without warrant persons violating the speed law. Confidence is expressed in the ability of the lawmakers to find means of protecting the public from the evil mentioned. The present statute, however, is regarded as in conflict with the fundamental law, and for that reason and those advanced in the original opinion the motions for rehearing are overruled.

**HOFFER OIL CORPORATION v. BRIAN et al.**

No. 847.

Court of Civil Appeals of Texas. Eastland.

April 17, 1931.

Rehearing Denied May 15, 1931.

H. A. Turner, of Fort Worth, for appellant.

Grisham, Patterson & Grisham, of Eastland, for appellees.

HICKMAN, C. J.

The appeal is from an order overruling a plea of privilege. Appellant is a foreign corporation having a permit to do business in Texas, with its principal offices in Fort Worth, Tarrant county. The suit was instituted by appellees to recover of appellant an amount claimed to be due them under an alleged verbal contract with appellant for services

rendered in making maps and doing certain geo-physical research work on lands in Eastland county. The contract was made in Fort .Worth, and there was no agreement as to where appellees were to be paid for their services. By the nature of the services contracted to be rendered, performance on the part of appellees was necessarily to be in Eastland county, since the lands which were to be mapped and upon which geo-physical work was to be performed are situated in that county.

A controverting plea to appellant's plea of privilege was filed in due time, and a hearing on the plea was set down for a day certain by the court. On the day of the hearing appellees, by leave of the court, filed an amended controverting plea, and appellant filed a motion to strike out this amended plea on the ground that the original controverting plea was insufficient in law to allege facts showing the right to maintain venue in Eastland county, and the amendment came too late under the statute requiring a controverting plea to be filed within five days after appearance day. The action of the trial court in overruling this motion and permitting the filing of the amendment is made the basis of the first error complained of in the briefs.

■■ The exact question here presented was considered by the Court of Civil Appeals at Dallas in the case of Miller v. Fram, 2 S.W. (2d) 1008. That opinion, in holding that controverting pleas are amendable, points out that it has been many times held that pleas of privilege are amendable, and it would be an anomalous situation if controverting pleas could not be amended with equal freedom. We believe that holding is correct. Controverting pleas should be subject to the same rules with reference to amendments as are other pleadings. No abuse of discretion in granting leave to amend is shown. The first contention is therefore overruled.

The exception relied upon by appellees to sustain venue in Eastland county is subdivision 27 of article 1995, R. S. 1925, which provides that: "Foreign corporations * * * may be sued in any county where the cause of action or a part thereof accrued."

Subdivision 23 of the same article provides that: "Suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose."

It is the contention of appellant that subdivision 23 applies exclusively to domestic corporations, while subdivision 27 applies to foreign corporations; that the word "accrued" has a different meaning from the word "arose," and that, under the facts of this case, no part of appellees' cause of action accrued in Eastland county. It has been held by our Supreme Court that no distinction is made, in so far as venue is concerned, between domestic and foreign corporations.

Pittsburg Water Heater Co. of Tex. v. Sullivan, 115 Tex. 417, 282 S. W. 576; Lakeside Irr. Co. v. Markham Irr. Co., 116 Tex. 65, 285 S. W. 593.

■■ But, regardless of this consideration, we think the facts found by the trial court in the instant case were sufficient to authorize the maintaining of the suit in Eastland county under subdivision 27, even though subdivision 23 is not applicable. A cause of action comprises every fact which it is necessary for plaintiff to prove in order to obtain judgment. It does not comprise every evidentiary fact, but does comprise every essential fact. Union Trust Estate v. Orr (Tex. Civ. App.) 3 S.W.(2d) 472; San Jacinto Life Ins. Co. v. Boyd (Tex. Civ. App.) 214 S. W. 482; Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; Id. (Tex. Civ. App.) 286 S. W. 633; Chesapeake & O. Ry. Co. v. Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121.

In the case of Phillio v. Blythe, 12 Tex. 124, our Supreme Court construed a statute with reference to venue in justice courts in which the word "accrued" was employed. We quote from that opinion as follows: "But, admitting that such contract existed, and that .it was susceptible of proof, yet the contract itself gave him no cause of action. Its performance on his part, as well as breach by non-payment on the part of the defendant, were essential constituents of his cause of action; and both of these were necessary to his suit. Now, the performance and breach were both in precinct No. 2; and the cause of action can be said, with much more propriety, to have occurred in that beat, than in beat No. 1. In the former, two ingredients, in the latter, but one ingredient of the cause existed. In mixed transactions of this kind, where the cause partly accrues in one place and partly in another, there is more reason why the suit should be brought at the place of performance, than at any other locality. There the witnesses to prove the value of the work or its defects will most probably live; and it would be unreasonable, that they should be dragged from their homes to remote precincts, to testify, when such inconvenience can be avoided. Besides, the performance, in a just sense, may be said to be the most essential constituent of the cause of action."

■ The very language of our statute contemplates that a cause of action may accrue partly in one county and partly in another. We would not say that a cause of action on a contract does not partly accrue in the county where same is made, because the making of the contract is one of the essential facts necessary to be proved in order successfully to maintain a suit thereon. For the same reason, we cannot hold that a part of a cause of action does not accrue in the county of its performance.

The plea of privilege was properly overruled, and the judgment of the trial court will be affirmed.