J. D. Barker, of Canyon, and E. O. Northcutt, of Amarillo, for appellee.

## TRANSIT GRAIN & COMMISSION CO. v. SNAPP.

### No. 5235.

Court of Civil Appeals of Texas. Amarillo.

Jan. 27, 1941.

Rehearing Denied March 3, 1941.

FOLLEY, Justice.

This is an appeal from an order overruling a plea of privilege. The suit was filed in Randall County, Texas, by the appellee, W. R. Snapp, against the appellant, Transit Grain & Commission Company, a private corporation of Tarrant County, Texas. The suit was to recover for wages and commissions in the sum of $505.20 alleged to have been due the appellee from the appellant in connection with the former's management and operation of a grain elevator in Randall County from June 1, 1938, to May 31, 1939.

The appellee alleged that the appellant agreed to pay him $680 in salary for the

year's work which was to be paid in twelve monthly installments, the first four in the sum of $110 each and the next eight in the sum of $30 each; that in addition to the salary it was agreed appellee should receive one-half of one cent per bushel for the wheat purchased by him for the defendant during the first six months of his employment; that appellee purchased 49,-039 bushels of wheat for the appellant during the first six months' period; that the appellee duly performed and rendered the services in compliance with his employment contract whereby the sum of $925.20 became due him; and that of this amount the appellant had paid him only $420, leaving a balance due in the sum of $505.20 for which the appellee sought judgment.

The appellant filed its plea of privilege to be sued in Tarrant County, the place of its residence. The appellee filed his controverting affidavit in which he attempted to retain the venue in Randall County by virtue of subdivision 23 of article 1995, R.C.S. of Texas, which, among other things, provides that suits against a private corporation may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation has an agency or representative, or in which its principal office is situated.

It is admitted that the appellant is a private corporation, that it has no agency or representative in Randall County and that its domicile and principal office is in Tarrant County. The issue as to venue is thus reduced to the first portion of subdivision 23 relative to the place where the cause of action or a part thereof arose.

There was proof to the effect that under a verbal agreement with Leo Potishman, president of the appellant company, made in the lobby of the Herring Hotel in Amarillo, Potter County, Texas, in May, 1938, the appellee was employed by the appellant, Transit Grain & Commission Company, to manage and operate a grain elevator located at Ogg Switch in Randall County for a period of one year beginning June 1, 1938; that in pursuance of this agreement the appellee managed and operated such elevator in Randall County from June 1, 1938, to June 1, 1939; and that during such period he purchased 31 or 32 car loads of wheat for the appellant. It was not shown by the testimony the amount earned by the appellee or the amount collected by him from the appellant, however, the appellee testified that

the last check he received for his services was one in the sum of $30, which was received by him from the appellant the last of November or the first of December, 1938. He further testified that such check was for a month's salary, either for the month of November or the month of December, 1938. There was no other showing as to money due or payments made except that the appellant introduced in evidence four checks totaling $326.40 which showed on their faces to have been for payments of the appellee's salary for June, July and August, 1938.

The appellant asserts that the appellee failed to establish by the proof the necessary venue facts to sustain venue in Randall County under that portion of exception 23 relative to maintaining suits against private corporations in the county where the cause of action or a part thereof arose.

In Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674, 676, Justice Critz, speaking for the Supreme Court of Texas with reference to the above exception, said: "The provision of exception 23 of article 1995, supra, which permits 'a private corporation, association or joint stock company' to be sued 'in any county in which the cause of action, or a part thereof, arose,' means that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought."

In United States Pipe & Foundry Co. v. City of Waco et al., 100 S.W.2d 1099, 1109 (affirmed by the Supreme Court in 130 Tex. 126, 108 S.W.2d 432), relative to the meaning of the term "cause of action" as used in the exception, Justice Alexander, speaking for the Tenth Court of Civil Appeals, said: "A cause of action consists not alone of the genesis of the right but of the breach of the right, and in order to maintain the suit in some county other than that in which the corporation's principal place of business is located, it is necessary and only necessary that some part of the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is filed."

Under the above authorities, and those cited therein, it is our opinion the appellee has established the fact that a part of his cause of action arose in Randall

County, which is as far as the proof needs to extend upon the question of venue under this portion of exception 23. Stanolind Oil & Gas Co. v. Christian, Tex.Civ.App., 64 S.W.2d 363; Western Wool Commission Co. v. Hart, Tex.Sup., 20 S.W. 131; Phillio v. Blythe, 12 Tex. 124. It was sufficiently shown that he was employed to do certain work at an elevator in Randall County and that such duties were performed wholly in such county. The performance of the oral contract was certainly "some part of the transaction creating the primary right" or "some part of the primary right" itself, as expressed in the language quoted from the above authorities.

The appellee's motion for rehearing is granted; our former opinion is withdrawn, this opinion substituted therefor, and the judgment is affirmed.