**ROBERT S. WATSON COMPANY, Appellant,**

v.

**SOUTHWESTERN SOUND CONTROL, INC., Appellee.**

No. 16883.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 12, 1968.

Rehearing Denied Feb. 9, 1968.

Burnett, Hines & Wood, and Norman P. Hines, Jr., Dallas, for appellant.

R. A. Kilpatrick, Cleburne, for appellee.

MASSEY, Chief Justice.

## OPINION

Southwestern Sound Control, Incorporated, brought suit as plaintiff against Robert S. Watson Company, a Texas Corporation, for indebtedness owing on contractual obligations. The defendant filed its plea of privilege to be sued in Dallas County, its residence. Controverting affidavit filed by plaintiff asserted right to retain venue under Vernon's Ann.Tex.Civ.St. Art. 1995, "Venue", section 23, "Corporations and associations". On hearing the trial court overruled the plea of privilege and retained venue in the county of suit. Therefrom the defendant appealed.

Affirmed.

■ Propriety of the action of the trial court in overruling the plea of privilege is indisputable if we are correct in our holding that there is satisfaction of the requirement (of Exception 23 to V.A.T.S. Art. 1995) that "part" of the cause of action must have arisen in the county where the suit is brought upon proof that all or a portion of the performance under the contract rendered by the plaintiff was in that county.

"Where plaintiff performs services for defendant in a county other than that in which (a) the contract was entered into, and (b) the refusal to pay occurs, venue may be maintained in the county of performance provided the contract stipulated, or the parties contemplated, that the services would be rendered there. * * *" 1 McDonald Texas Civil Practice, p. 519, "Venue", Sec. 4.30.2. "(Art. 1995(23) and (27)). Suits Against Corporations and Associations.—(I) Where Cause of Action or Part Thereof Accrued."

Authority for our holding may also be found in San Jacinto Life Ins. Co. v. Boyd, 214 S.W. 482 (Amarillo Civ.App. 1919, no writ history); Hoffer Oil Corporation v. Brian, 38 S.W.2d 596 (Eastland Civ.App.1931, no writ history); and Employers Casualty Company v. West, 383 S. W.2d 251 (Amarillo Civ.App.1964, writ dism.).

The sub-contracts introduced in evidence in behalf of plaintiff show on their face that "Southwestern Sound Control" contracted with the defendant to perform certain of the work it had theretofore contracted to perform for other individuals and concerns in Tarrant and Dallas Counties. The majority of said work was in Tarrant County. There was oral evidence adduced upon hearing that "Southwestern Sound Control, Incorporated", plaintiff, acted in the performance of said sub-contracts in Tarrant County and Dallas County.

All the sub-contracts were executed by the president of the defendant corporation. Two were not signed by anyone for "Southwestern Sound Control". One was signed by Earl Bigham as "owner" of said concern, and one was signed by another party with capacity not stated.

Such circumstance is of no comfort in legal aid of the defendant on the plea of privilege hearing, either on its contention of "no evidence" or on the contention of "against the great weight and preponderance of the evidence". There was no denial under oath that the plaintiff, which sued as "Southwestern Sound Control, Incorporated", was a corporation as alleged nor that it was not entitled to sue in the capacity of owner of the cause of action asserted. On hearing, the only witness was Earl Bigham. He testified that he was the president of "Southwestern Sound Control, Incorporated", plaintiff, which had acted as sub-contractor under all the aforesaid sub-contracts.

All points of error are overruled.

Affirmed.