**Richard T. MONTGOMERY et al., Appellants,**

v.

**B. J. HARRIS, Appellee.**

**No. 1123.**

Court of Civil Appeals of Texas, Tyler.

April 13, 1978.

J. L. Culpepper, Jim L. Culpepper & Associates, Houston, for appellants.

Kenneth J. Walker, Lynn S. Patton, Fisher, Patton & McLemore, Longview, for appellee.

Dwight Brannon, Gilmer, for intervenor.

MOORE, Justice.

This is an appeal from an order overruling a plea of privilege. Plaintiff, B. J. Harris, brought suit in Upshur County against defendants, Rio Road Builders, Inc., and Richard T. Montgomery, for breach of a written contract entered into between plaintiff and defendant Rio Road Builders. Richard Montgomery, a resident of Brazos County, and Rio Road Builders, domiciled in Brazos County, each filed a plea of privilege seeking to have the action transferred to Brazos County. Plaintiff answered with separate controverting pleas as to both defendants, alleging that venue was properly laid in Upshur County under Subdivision 23 of Art. 1995, Tex.Rev.Civ.Stat.Ann., which provides that venue in suits against domestic corporations may be maintained in the county in which the cause of action or part thereof arose. After a hearing before the court sitting without a jury, the court overruled the pleas of privilege of both defendants. From this ruling defendants perfected this appeal.

We affirm in part and reverse in part.

Plaintiff alleged in his petition that on June 27, 1975, he and defendant Rio Road Builders, Inc. entered into a written agreement whereby plaintiff agreed, in consideration of $5,000, to supply and deliver into defendant's trucks approximately 11,500 cubic yards of iron ore gravel, which were to be transported by defendant to Gregg County for use in construction of a parking lot. Attached to plaintiff's petition was a copy of the written contract. Such written agreement, however, names no specific county of performance. Plaintiff further alleged that, after the contract was partially completed, defendant wrongfully repudiated the contract and refused to take delivery of the remainder of the gravel. He further alleged that he was at all times ready, willing and able to perform and meet the contractual terms.

Defendants in their joint brief contend that there is no evidence or, alternatively, that the evidence is insufficient to show that the cause of action sued upon, or a part thereof, arose in Upshur County.

Subdivision 23 of Article 1995 provides in part that venue of an action against a domestic corporation may be maintained in any county where the cause of action or a part thereof arose.

The only evidence adduced at the venue hearing was that of the plaintiff, B. J. Harris. He testified that Richard Mont-

gomery, who told him he worked for Rio Road Builders, Inc., came to a farm owned by a Mr. Brannon located in Upshur County and entered into negotiations with plaintiff concerning the stockpiling of sand and gravel located on the Brannon farm. He testified that after the discussion they came to an agreement whereby plaintiff would stockpile gravel on the Brannon farm and defendant Rio Road Builders would load it and haul it away in its trucks, which agreement was reduced to writing. He further testified that he stockpiled approximately one hundred truck loads of gravel which were taken away by defendant's trucks, but that subsequently defendant's trucks stopped coming to pick up the gravel. He testified that he contacted Mr. Montgomery who told him that he could not take any more gravel because he "couldn't set it up, wasn't no good." Plaintiff further testified that he had not been paid anything for the gravel he stockpiled for defendant. Defendants offered no evidence at the venue hearing.

■ It is well settled that in order for a plaintiff to claim the benefits of Subdivision 23 and maintain venue outside the domicile of a domestic corporation, the plaintiff must show by a preponderance of the evidence that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, occurred in the county where the suit is brought. *Stone Fort Nat. Bank of Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W.2d 674 (1936). This has been interpreted to mean that plaintiff must show either that (1) the contract was made or performable in the county of suit, or (2) the contract was breached there. *Delhi Gas Pipeline Corp. v. Allgood*, 492 S.W.2d 651 (Tex.Civ.App.—Tyler 1973, no writ history); *Transit Grain & Commission Co. v. Snapp*, 148 S.W.2d 233 (Tex.Civ.App.—Amarillo 1941, no writ history). See *G. P. Enterprises, Inc. v. Adkins*, 543 S.W.2d 913 (Tex.Civ. App.—Texarkana 1976, no writ history); *Kunz Construction Co. v. Arnold*, 459 S.W.2d 658 (Tex.Civ. App.—Corpus Christi 1970, no writ history). It has also been held that venue may be maintained in a suit

against a corporate defendant under Subdivision 23 in the county in which plaintiff performs services for defendant, regardless of where the contract was entered into or where the refusal to pay occurred, provided that the parties contemplated that the services would be rendered in such county. *Robert S. Watson Co. v. Southwestern Sound Control, Inc.*, 423 S.W.2d 674 (Tex. Civ.App.—Fort Worth 1968, writ dism'd); 1 McDonald, Texas Civil Practice, *Venue* sec. 4.30.2 (1965 ed.).

■ In our view the evidence conclusively shows that the parties contemplated that the performance of the contract, i. e., plaintiff's stockpiling and defendant Rio Road Builders' loading, was to take place on the Brannon farm in Upshur County. Further, the evidence conclusively demonstrates that, until Rio Road Builders stopped its trucks from coming, plaintiff had performed his duty of stockpiling at the Brannon farm in Upshur County and Rio Road Builders had accepted his work. Indulging every reasonable inference in favor of the trial court's judgment, as we are required to do, we may assume that the trial court impliedly found that the parties contemplated and agreed that the contract was to be performed in Upshur County and that the contract was actually performed in Upshur County until defendant corporation repudiated the agreement.

In view of the undisputed proof showing that the contract was performed in Upshur County and that performance was contemplated in that county, we hold that venue was properly laid in Upshur County in the cause against the corporate defendant, Rio Road Builders, Inc.

■ This brings us to the question whether venue was properly laid in Upshur County as to defendant Richard Montgomery. As noted, Montgomery was sued in his individual capacity. There is no evidence showing that he was connected in any way with the transaction or the corporation other than to negotiate the contract in behalf of Rio Road Builders. By its own terms Subdivision 23 applies solely to suits against

private corporations and therefore would not apply to defendant Montgomery. Plaintiff therefore cannot maintain venue in Upshur County as to Richard Montgomery under Subdivision 23. Nowhere in his brief has plaintiff directed us to any other venue provision which would permit him to maintain venue in Upshur County as to defendant Montgomery, and we have not been able to discern how venue could be maintained against him under any exception to the venue statute. We consequently reverse that portion of the judgment overruling the plea of privilege of Richard T. Montgomery.

Accordingly, the order overruling the plea of privilege of Rio Road Builders is affirmed and the order overruling the plea of privilege of Richard T. Montgomery is reversed, and as to him the cause is severed and ordered transferred to the District Court of Brazos County under Rule 89, Tex. R.Civ.P.

Affirmed in part and reversed in part.