**HOUSTON PIPE LINE COMPANY,**
Appellant,

v.

**OXY PETROLEUM, INC., Appellee.**

**No. 1645.**

Court of Civil Appeals of Texas,
Corpus Christi.

April 3, 1980.

Rehearing Denied April 17, 1980.

William F. Ikard, J. Clifford Gunter, III, Michael Kuhn, Bracewell & Patterson, Houston, for appellant.

Shannon H. Ratliff, McGinnis, Lochridge & Kilgore, Austin, James F. Buchanan, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This venue case involves an appeal by Houston Pipe Line Company [HPL] from an order of the District Court of Nueces County overruling its plea of privilege to be sued in Harris County. The controversy was initiated by Oxy Petroleum, Inc., [Oxy], which brought suit against HPL in Nueces County for the recovery of $4,266,501.00, plus prejudgment interest and attorney's fees. The suit arose out of HPL's alleged breach of a "pay for if tendered and not taken" provision in a gas sale and purchase contract. HPL filed a plea of privilege to be sued in Harris County. Oxy filed a controverting plea alleging that suit was maintainable in Nueces County under Subdivision 23 of Article 1995,[1] which, in pertinent part, provides:

> "Suit against a private corporation . . may be brought in the county . . . in which the cause of action or a part thereof arose . . . ."

The controlling facts of this case are undisputed. Both Oxy and HPL are private corporations. HPL is a Texas corporation with an executive office located in Harris County, Texas. Oxy is a California corpo-

---

1. All statutory references herein are to Tex.Rev.Civ.Stat.Ann. art. 1995 (1964).

ration which also has an executive office located in Harris County. In 1974, the parties entered into a gas sale and purchase contract, whereby Oxy agreed to sell and HPL agreed to buy for a term of at least 10 years, gas produced by Oxy from wells located in Nueces County. Under the contract, the gas was to be delivered to HPL at a delivery point in Nueces County. HPL promised to "take and pay for, or pay for if tendered and not taken" a certain quantity of the gas produced from Oxy's wells. The contract did not expressly provide for a place of payment of the gas tendered. Oxy, however, specifically requested that all payments due under the contract be made to it at its Bakersfield, California, office. No payments were ever contemplated or made in Nueces County. The contract itself was executed by the respective parties in California and in Houston. Oxy, pursuant to the contract, tendered certain quantities of gas to HPL at the delivery point in Nueces County. HPL refused to take the gas or to pay for the same. Thereafter, Oxy billed HPL for the amounts allegedly due because of such tenders, but HPL refused to pay any money on the amounts billed. Subsequently, Oxy brought suit against HPL.

HPL, in its first point of error, contends that the trial court erred in overruling the plea of privilege because there is no evidence that Oxy has a cause of action against HPL. In its second point of error, the contention is made that the trial court erred in overruling the plea of privilege because there is no evidence that any part of the cause of action alleged by Oxy arose in Nueces County. Both points essentially raise questions of law involving the nature of this law suit. Neither can be sustained.

Insofar as this case is concerned, the venue facts under Subdivision 23 which must be established are: 1) that HPL is a private corporation; 2) that Oxy (plaintiff) has a cause of action for breach of contract against HPL (defendant); and 3) that such cause of action, or a part thereof, arose in Nueces County, the county of suit. *Kimbell, Inc. v. Blout*, 562 S.W.2d 10 (Tex.Civ. App.—Austin 1978, no writ); *Socony Mobil Co., Inc. v. Southwestern Bell Tel. Co.*, 518 S.W.2d 257 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Teague Brick & Tile Company v. Snowden*, 440 S.W.2d 419 (Tex.Civ. App.—Houston [14th Dist.] 1969, no writ).

 HPL's first point is based on the premise that Oxy failed to prove up any damages resulting from HPL's breach of the contract. It ignores the rule in breach of contract actions that mere proof of the making and breach fully prove a plaintiff's cause of action for which he is entitled to recover at least nominal damages, regardless of whether actual damages are proved. *Atomic Fuel Extraction Corporation v. Slick's Estate*, 386 S.W.2d 180 (Tex.Civ.App. —San Antonio 1964), writ ref'd n. r. e. Per Curiam, 403 S.W.2d 784 (Tex.Sup.1965); *Huntington Corp. v. Inwood Construction Co.*, 472 S.W.2d 804 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.); *Hyatt v. Tate*, 505 S.W.2d 373 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). There is ample evidence in the record that Oxy was damaged by HPL's refusal to pay for the gas tendered to it by the former.

The second point raises the question of whether there is any evidence that a part of Oxy's cause of action against HPL arose in Nueces County. It is Oxy's contention that, under the here-involved "take or pay" provision of the contract, in order to recover damages from HPL for failure to pay for the gas properly tendered, it is essential for it to prove that it properly tendered the gas in question to HPL, as required by the contract. Since this tender occurred in Nueces County and HPL refused to pay for the gas so tendered, Oxy argues that a part of its cause of action arose in Nueces County.

HPL's counter argument is based on the premise that the only obligation for which Oxy can bring suit is the obligation to pay because HPL cannot be forced into "taking" any amount of gas. It argues that the obligation to pay is not performable in Nueces County; therefore, the argument goes, no part of Oxy's cause of action arose in Nueces County. It argues that in order to sustain venue in Nueces County under

Subdivision 23, "Oxy must show either: 1) that the contract was made in Nueces County, or 2) that HPL breached the contract in Nueces County."

■ A cause of action consists of the factual propositions which establish: 1) plaintiff's primary right; and 2) defendant's act or omission which violated such right. *Lubbock Manufacturing Co. v. Sames,* —— S.W.2d —— (Tex.Sup.1980); *Stone Fort Nat. Bank of Nacogdoches v. Forbess,* 126 Tex. 568, 91 S.W.2d 674 (1936); *Montgomery v. Harris,* 565 S.W.2d 358 (Tex.Civ.App.—Tyler 1978, no writ); *Dina Pak Corporation v. May Aluminum, Inc.,* 417 S.W.2d 419 (Tex.Civ.App.—Corpus Christi 1967, no writ); *Transit Grain & Commission Co. v. Snapp,* 148 S.W.2d 233 (Tex.Civ.App.—Amarillo 1941, no writ); *Ohio Oil Co. v. Varner,* 150 S.W.2d 185 (Tex.Civ.App.—Dallas 1941, no writ); 1 R. McDonald, Texas Civil Practice, § 4.30(I) (rev. 1965). Such factual propositions are described in law as being essential as opposed to being merely evidentiary. *Wichita Falls & Oklahoma Ry. Co. v. Pepper,* 134 Tex. 360, 135 S.W.2d 79 (1940); *Hoffer Oil Corp. v. Brian,* 38 S.W.2d 596 (Tex.Civ.App.—Eastland 1931, no writ). See Chief Justice Denton's concurring opinion in *Shamrock Oil & Gas Corp. v. Price,* 364 S.W.2d 260 (Tex.Civ.App.—Amarillo 1963, no writ).

In *Phillio v. Blythe,* 12 Tex. 124 (1854), the Supreme Court was faced with deciding proper venue in a case involving the alleged breach of an executory service contract. The Court held that the contract, its performance and its breach, are essential constituents of plaintiff's cause of action, and all are necessary to plaintiff's suit.

■ In the case now before us on appeal the gas purchase contract imposes on HPL the obligation to take gas from Oxy when properly tendered at a point of delivery in Nueces County or if HPL elects not to take the amount of gas set forth in the contract it must "pay." It is undisputed that HPL neither took the gas nor paid for the gas when tendered by Oxy. This satisfies the obligation under Subdivision 23 that permits the suit to be brought in the county where the cause of action or *a part thereof* arose.

Aside from *Phillio v. Blythe,* supra, other cases which support Oxy's position that venue is properly maintainable in Nueces County include *Montgomery v. Harris,* supra, and *Dina Pak Corp. v. May Aluminum, Inc.,* supra. In *Montgomery,* the Tyler Court held that, in an action for breach of a contract to supply gravel, venue was proper in the county where plaintiff delivered the gravel, regardless of where the contract was executed or where refusal to pay occurred, provided the parties contemplated that delivery would take place in the county of suit. In *Dina Pak,* this Court held, in a suit by seller against buyer for goods sold and labor and materials furnished, that venue was proper in the county where the goods were made and the services were performed. Both cases belie that assumption, upon which HPL's entire case rests, that analysis of contract actions under Subdivision 23 considers only the contract itself and the acts or omissions of the defendant. On the contrary, as pointed out in *Stone Fort* and *Phillio,* the scope of inquiry is much wider. The court must also examine *all* essential facts which give rise to plaintiff's right. *Lubbock Manufacturing Co. v. Sames,* supra.

HPL places great reliance upon *Brazos Electric Power Cooperative, Inc. v. Southwestern Gas Pipeline, Inc.,* 555 S.W.2d 168 (Tex.Civ.App.—Eastland 1977, no writ). In that case, Southwestern Gas Pipeline, plaintiff, sought to maintain venue in Palo Pinto County, the county of suit, under Subdivisions 5 and 23 of Article 1995. The trial court overruled the defendant's plea of privilege. The Court of Civil Appeals reversed the trial court's judgment and transferred the cause to McLennan County, where Brazos Electric Power Cooperative, defendant, was domiciled.

Subdivision 5 is not involved in the case now before us. Concerning Subdivision 23, the Eastland Court in *Brazos Electric* held that there was no evidence that the contract was breached in Palo Pinto County. The facts in that case are identical with the

facts in the case at bar. The only difference in the cases is in the relief sought, which we deem inconsequential. The plaintiff in *Brazos Electric* sought a termination of the gas sale and purchase contract because of breach of contract; here, the plaintiff seeks money damages for breach of contract.

The only authority cited by the court in *Brazos Electric* for its holding with regard to Subdivision 23 is *Delhi Gas Pipeline Corp. v. Allgood*, 492 S.W.2d 651 (Tex.Civ.App.—Tyler 1973, no writ). In *Delhi*, the Tyler Court addressed the question of venue in a suit brought by lessors to recover money due them from certain mineral royalties which had not been paid by their lessees. Suit was brought in Upshur County, which was the location of the production, although the lease was performable (payment of royalties) elsewhere. Applying the general principles announced by the Supreme Court in *Stone Fort*, the Court, in *Delhi*, held that there was no evidence that any part of the lessor's cause of action arose in Upshur County. According to the Tyler Court, the only essential element of plaintiff's action was that of payment, which was not performable in the county of suit.

While agreeing with the holding of *Delhi*, we do not accept its applicability to the case at bar. *Delhi* involved a simple case where the lessor sought to recover money from his lessee for royalties which lessee had not paid; the question of performance by the plaintiff (lessor) was not present. The only pivotal issue in that case was whether defendant, who had a contracted duty to pay, failed to pay. In our case, HPL was under no contractual duty to pay for any gas until there had been a tender by Oxy. Therefore, performance (tender of gas) by Oxy is crucial to its recovery. That was not the situation in *Delhi*. While *Brazos Electric* is admittedly identical in most respects to the case at bar, we simply disagree with the reasoning and holding of the Eastland Court.

HPL also relies upon *Lone Star Gas Co. v. Coastal States Gas Prod. Co.*, 388 S.W.2d 351 (Tex.Civ.App.—Corpus Christi 1965, no writ). In *Lone Star Gas*, this Court decided the question of venue in a breach of contract action involving a "take or pay" provision in a gas purchase contract. Suit was brought in Nueces County but this Court ordered it transferred to Dallas County. The only question this Court determined, however, was whether the contract was "made" in Nueces County. This Court did not reach the issue of whether any "performance" took place in Nueces County.

HPL, during oral argument, argued the case of *Land O'Pines Dairy Products v. McGraw*, 564 S.W.2d 120 (Tex.Civ.App.—Beaumont 1978, no writ) as being in support of its position. There the suit was for commissions allegedly due under an oral contract. McGraw, the plaintiff, was hired as a route salesman to sell dairy products for Land O'Pines, the defendant. The commissions allegedly owed were for sales made in Hardin County. There was no express agreement as to where the commissions were to be paid. Apparently, the defendant, a resident of Angelina County, delivered the dairy products to McGraw in Silsbee, Hardin County, "where plaintiff would transfer them to his truck." Plaintiff sought to maintain venue in Hardin County under Subdivision 23. The trial court overruled defendant's plea of privilege, but the Court of Civil Appeals reversed the trial court's judgment and ordered the case transferred to Angelina County. Holding that venue was not proper in Hardin County, the Court of Civil Appeals stated that Subdivision 23 does not establish venue in a county merely because plaintiff maintains his operations there or other evidentiary events transpired there. Thus, in the court's opinion, the fact of plaintiff's selling of defendant's goods was merely an evidentiary fact. It is upon this conclusion that we disagree with the Beaumont Court. In our opinion, it was essential for plaintiff, in order to have a cause of action, to allege and prove that he had sold defendant's products. Otherwise, under the law he could not recover his commissions.

In this case if HPL elected not to take the gas tendered by Oxy at the delivery

point it then had an obligation to pay the amount set forth in the contract. The essential elements of Oxy's cause of action for venue purposes are: 1) proper tender of the gas, and 2) refusal by HPL to take or pay for the gas so tendered. Oxy could not perform unless it tendered the gas. That performance, which was an essential element of its cause of action, and a condition precedent to its right to demand payment for the gas tendered, necessarily occurred in Nueces County. We hold that a part of the cause of action arose in Nueces County.

Oxy proved every venue fact necessary to sustain venue in Nueces County, Texas. Both points of error are overruled.

The judgment of the trial court is AFFIRMED.