**GINTHER–DAVIS CONSTRUCTION COMPANY et al., Appellants,**

v.

**BRYANT–CURINGTON, INC., Appellee.**

No. 6275.

Court of Civil Appeals of Texas, Waco.

April 9, 1981.

John W. Able, Able & Coleman, P. C., Houston, Thomas Lee Bartlett, Finger, Burg, Cohen & Forlano, Houston, for appellants.

Paul D. Jones, John C. Meinrath, Jones & Norris, Inc., Austin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Ginther-Davis Construction Company and Ginther-Davis Interests from an order of the trial court overruling their plea of privilege to be sued in Harris County.

Plaintiff sued defendants in Travis County alleging: that defendants were Texas Corporations; that plaintiff and defendants entered into contracts that plaintiff render services to defendants as a project engineer in connection with the design of projects in the City of Austin, viz. Greatway Properties and Stassney Lane Development, Mearns Meadow Apartments, and Country Place Apartments; that said contracts provided defendants would pay plaintiff for services rendered as an engineers' fee to be determined by a schedule of fees and expenses incorporated in previous contracts between the parties; that plaintiff has performed the contracts and rendered the engineering services called for; that payment is now due; but defendants have not paid despite plaintiff's demands therefor to plaintiff's damage of $29,730.09. Plaintiff prayed for such sum plus interest and attorney's fees.

Defendants filed their plea of privilege to be sued in Harris County, the county of their residence.

Plaintiff controverted asserting venue maintainable in Travis County under the provisions of Subdivisions 5 and 23, Article 1995 VATS.

Trial was before the court on January 31, 1980, which overruled defendants' plea of privilege.

Defendants appeal on 9 points.

Points 1, 2, 3, 6 and 7 contend the trial court's implied findings that a contract existed between the parties, which was breached, giving rise to a cause of action in Travis County, thus supporting venue under Subdivision 23, are supported by no evidence and/or insufficient evidence, and that same are against the great weight and preponderance of the evidence.

The witness Curington testified that he was president of plaintiff, an engineering company with offices in Austin; that his company sued defendants over work done by plaintiff on three projects situated in Travis County; that all meetings with defendants' representatives involving negotiation and authorization for the work on these projects took place in plaintiff's offices. A memorandum was introduced in evidence corroborating such testimony; as were letters from defendants to plaintiff directing plaintiff to engage in work in Travis County on the projects. Mr. Curington further testified some money had been received from defendants for work performed on one of the projects, but none had been received from them for work performed on the other two projects.

Subdivision 23, Article 1995 VATS provides that "suits against a corporation * * may be brought * * * in the county in which a cause of action or part thereof arose * * *."

█ The evidence is ample from which the trial court could conclude that a contract was made in Travis County between the parties concerning work which was to be performed in Travis County, which contract was breached, giving rise to a cause of action. *Watson Co. v. Southwestern Sound Control, Inc.*, Tex.Civ.App. (Fort Worth) er. dismd, 423 S.W.2d 674; *Hoffer Oil Corp. v. Brian*, Tex.Civ.App. (Eastland) N.W.H., 38 S.W.2d 596.

Point 5 asserts plaintiff's controverting plea failed to set out specifically the facts upon which Subdivision 23 would apply.

█ Plaintiff's controverting plea incorporates the plaintiff's original petition by reference which alleges that defendants are corporations; that contracts were entered into between the parties; that these contracts were fully performable in Travis County; and that these contracts were breached to plaintiff's damage; additionally, copies of the instruments purporting to be the subject contracts were attached to the controverting plea and incorporated therein by reference.

The foregoing alleged facts support the application of Subdivision 23. *Pitt Grill, Inc. v. Albert*, Tex.Civ.App. (Dallas) N.W.H., 432 S.W.2d 160.

Points 8 and 9 assert there is no evidence and/or insufficient evidence to support the trial court's implied finding that defendants are corporations; so as to create a venue exception under Subdivision 23.

Plaintiff plead that both defendants were corporations. Defendants did not deny by verified pleading pursuant to Rules 52 and 93 TRCP that either is not a corporation.

Rule 52 TRCP states "an allegation that a corporation is incorporated shall be taken as true, unless denied by the affidavit of the adverse party, his agent, or attorney * * *"; and Rule 93 TRCP provides "* * * a pleading * * * that any party alleged in any pleading to be a corporation is not incorporated as alleged * * * shall be verified."

█ There are some situations in which the plaintiff is not required to prove all of his essential venue facts by independent evidence. Under our rules certain facts are taken as admitted unless the defendant puts the same in issue by a verified pleading, and the plea of privilege does not constitute a verified denial of any allegation of plaintiff's petition required to be denied under oath. Thus as here, when a venue fact is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove the same. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758.

Point 4 is directed to defendants' proof under Subdivision 5 and is immaterial.

All defendants' points are overruled.
AFFIRMED.